1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Scott Huminski,                    )    CV 12-01437-PHX-FJM
                                        )
10              Plaintiff,              )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     Mercy Gilbert Medical Center; Dignity)
13   Health; Tim Bricker; Gregory Berman;)
     Gary Petersen; Jon Stevenson; Six)
14   Unnamed Employees of Mercy Gilbert)
     Hospital/Dignity Health; Town of Gilbert;)
15   Tim Dorn; Debra Hartin; Lloyd H. Dean,)
                                        )
16              Defendants.             )
                                        )
17   _____)

18

19         The court has before it defendants Mercy Gilbert Medical Center and Dignity Health's

20   ("defendants") motion to dismiss for lack of jurisdiction (doc. 7), plaintiff's motion to strike

21   or alternatively response to the motion to dismiss (doc. 8) and defendants' reply (doc. 14).

     Next, we have plaintiff's motion to clarify jurisdiction over the parties (doc. 9), and
22
     defendants' response (doc. 13).  Plaintiff did not reply, and the time for replying has expired.
23
     We also have plaintiff's motion for oral argument and motion for hearing or conference
24
     setting a discovery schedule (doc. 11) and defendants' response (doc. 12).   Plaintiff did not
25
     reply, and the time for replying has expired.  Next, we have two motions filed by plaintiff for
26
     a declaratory judgment and speedy hearing, along with a motion to consolidate the
27
     declaratory judgment motions (docs. 16, 19), plaintiff's supplement regarding ethics
28

1  violations (doc. 20), and defendants' responses to both motions (docs. 22, 23).  We also have

2  plaintiff's motion for leave to amend the complaint (doc. 18), defendants' response (doc. 24),

3  and plaintiff's consolidated reply to his motions for declaratory judgment and motion to

4  amend the complaint (doc. 25).  Finally, we have plaintiff's motion to compel and motion for

5  electronic filing (doc. 21), which is not fully briefed.

6                                          **I**

7          This action arises from plaintiff's May 30, 2012 visit to Mercy Gilbert Medical Center.

8  Plaintiff filed this action on July 3, 2012 and amended his complaint on July 16, 2012 (doc.

9  6).  He alleges in the first amended complaint ("FAC") that he refused treatment at Mercy

10  Gilbert and was then violently attacked by staff, drugged without his consent, and was tied

11  to a table.  Plaintiff alleges that defendants conspired to cover-up what he characterizes as

12  his attempted murder, kidnapping, and torture.  The FAC asserts eight counts: (1) attempted

13  murder, assault, and battery; (2) kidnapping and unlawful imprisonment; (3) torture and

14  intentional infliction of emotional distress; (4) malpractice, negligence, and gross negligence;

15  (5) "federal and state constitutional torts, 42 U.S.C. 1983 [sic] claims"; (6) conspiracy; (7)

16  declaratory relief; (8) injunctive relief.  Compl. at 7-9.

17          There is no indication that any defendants have been properly served. Defendants

18  Mercy Gilbert and Dignity Health are the only appearing defendants to date.

19                                          **II**

20          In plaintiff's motion to clarify jurisdiction over the parties, he questions the propriety

21  of the motion to dismiss, because it was filed by defendants before they were served.  A party

22  can waive service by voluntarily appearing in an action.  And Rule 12(b)(1), Fed. R. Civ. P.

23  expressly permits a defendant to move to dismiss an action for lack of subject-matter

24  jurisdiction.  Plaintiff's motions to clarify jurisdiction and strike defendants' motion to

25  dismiss are denied.

26          Defendants move to dismiss for lack of jurisdiction.  They argue that diversity

27  jurisdiction does not exist because there is not complete diversity between the parties.  But

28

1   plaintiff has asserted claims under 42 U.S.C. § 1983, a federal statute.[1]  We have subject-

2   matter jurisdiction to hear § 1983 claims under 28 U.S.C. § 1331, and have supplemental

3   jurisdiction to hear related state law claims under 28 U.S.C. § 1367.  Defendants' motion to

4   dismiss for lack of jurisdiction is denied.

5        As we have decided the motion on the papers, plaintiff's request for oral argument is

6   denied.  In the same filing, plaintiff moves for a hearing to set a discovery schedule.  There

7   is no indication, however, that plaintiff has served the remaining defendants in this case.

8   Only the moving defendants have appeared.  Setting a discovery schedule now, when

9   additional defendants have not yet been served, would be judicially inefficient and could

10  prejudice later-appearing defendants.  Plaintiff's motion for a hearing to set a discovery

11  schedule is denied.

12                                               **III**

13       Plaintiff has filed two motions for declaratory judgment.  In the first, he moves for the

14  court to enter a declaratory judgment "stating that [plaintiff's] objection to and non-consent

15  to involuntary and violent exposure to x-rays by the Mercy Gilbert Medical Center and their

16  agents and employees constitutes the torts of assault and battery and violates [plaintiff's]

17  rights, privileges and immunities as secured under the United States Constitution" (doc. 16

18  at 1).  In the second, he moves for a declaratory judgment stating that "the filing of the

19  Motion to Dismiss by the Defendants constitutes abuse of process, frivolous litigation,

20  vexatious litigation and violates the ABA Model Rules of Professional Conduct" (doc. 19 at

21  1).  Plaintiff moves as part of his second motion to consolidate the declaratory judgment

22  motions.  He also moves for a speedy hearing.  Moreover, plaintiff filed a supplement

23  detailing actions of defense counsel that he believes to be ethics violations.

24       A motion cannot be made, however, for declaratory relief.  Instead, an action for

25  declaratory judgment must be brought.  Kam-Ko Bio-Pharm Trading Co., Ltd. - Australasia

26

27       [1] Defendants have not moved to dismiss the FAC for failure to state a claim pursuant
    to Rule 12(b)(6), Fed. R. Civ. P.  Accordingly, we express no opinion in this order as to
28  whether plaintiff has plausibly stated any claims for relief.

1  v. Mayne Pharma (USA) Inc., 560 F.3d 935, 943 (9th Cir. 2009).  Plaintiff's motions for

2  declaratory judgment are not contemplated by the Federal Rules of Civil Procedure, and are

3  denied on that basis.[2]

4  **IV**

5        Plaintiff moves to amend his complaint a second time.  Although his proposed second

6  amended complaint ("SAC") does not indicate how it differs from the FAC as required by

7  LRCiv 15.1, it appears that plaintiff seeks to add some additional facts, seeks to add defense

8  counsel as defendants, and seeks to add an additional count titled "Abuse of process,

9  harassment in filing frivolous and vexatious court papers."  Proposed SAC ¶¶ 56-57 (doc.

10  18).

11        Although Rule 15(a)(2), Fed. R. Civ. P. directs the court to grant leave to amend

12  freely, we need not allow amendment when it would be futile.  AmerisourceBergen Corp. v.

13  Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006).  To prevail on an abuse of process

14  claim, plaintiff must show "(1) a willful act in the use of judicial process; (2) for an ulterior

15  purpose not proper in the regular conduct of the proceedings."  Crackel v. Allstate Ins. Co.,

16  208 Ariz. 252, 257, 92 P.3d 882, 887 (Ct. App. 2004) (citation omitted).  Plaintiff must show

17  "more than mere speculation to support the assertion that the defendant has used court

18  processes with an improper intent."  Id. at 259, 92 P.3d at 889.  Moreover, to establish the

19  existence of an improper motive that primarily motivated the challenged conduct, plaintiff

20  "must establish that the defendant used a court process in a fashion inconsistent with

21  legitimate litigation goals."  Id.

22        Plaintiff's conclusory allegations in the proposed abuse of process claim fall far short.

23  He bases this claim solely on the filing of a motion to dismiss for lack of jurisdiction by these

24  defendants.  But the filing of such a motion is expressly permitted by the Federal Rules of

25  Civil Procedure.  See Fed. R. Civ. P. 12(b)(1).  A dismissal based on lack of subject-matter

26

27      [2] Both plaintiff's FAC and his proposed second amended complaint include a request

28  for declaratory relief.  This does not, however, authorize him to file separate motions for
declaratory judgment.

- 4 -

1    jurisdiction can occur at any time during the litigation, including on the court's own initiative.

2    <u>See</u> Fed. R. Civ. P. 12(h)(3).  Thus, plaintiff has not asserted facts that would plausibly

3    suggest that defendants "used a court process in a fashion inconsistent with legitimate

4    litigation goals" merely by filing a timely motion expressly permitted by the Federal Rules

5    of Civil Procedure, even if the motion is ultimately denied.  <u>See</u> <u>Crackel</u>, 208 Ariz. at 259,

6    92 P.3d at 889.  Because plaintiff's proposed claim for abuse of process would be subject to

7    dismissal as drafted, it is futile.  Accordingly, plaintiff's motion to amend the complaint is

8    denied.

9                                                    **V**

10       Finally, we address plaintiff's motion to compel and request for electronic filing.

11   Despite our July 10, 2012 order notifying plaintiff that the Federal Rules prohibit a party

12   from seeking discovery prior to conferral by the parties, unless authorized by another rule,

13   court order, or stipulation, <u>see</u> <u>Order</u> (doc. 5 at 1), plaintiff filed "notices" of renewed

14   discovery demands on July 27, 2012 (doc. 10) and August 14, 2012 (doc. 15).  Also on

15   August 14, 2012, plaintiff served requests for interrogatories and requests for production

16   (doc. 17).  Plaintiff now moves for an order compelling Mercy Gilbert and Dignity Health

17   to comply.

18       As we have already explained to plaintiff, discovery has not yet commenced in this

19   action.  Plaintiff has yet to serve several defendants, a Rule 16 scheduling conference has not

20   been held, there is no indication plaintiff and the appearing defendants have held their Rule

21   26(f), Fed. R. Civ. P. conference, and there has been no order from this court authorizing

22   plaintiff to proceed with discovery.  Plaintiff's motion to compel is denied.

23       A review of the docket reveals that in the short time since filing this action, plaintiff

24   has already filed seven motions and several "notices" of discovery demands, many of which

25   were procedurally improper.  Permitting plaintiff to file electronically will only compound

26   the problem.

27

28                                                **VI**

1    **IT IS ORDERED DENYING** defendants' motion to dismiss for lack of jurisdiction

2    (doc. 7).  **IT IS ORDERED DENYING** plaintiff's motion to strike defendants' motion to

3    dismiss (doc. 8).  **IT IS ORDERED DENYING** plaintiff's motion to clarify jurisdiction over

4    the parties (doc. 9).  **IT IS ORDERED DENYING** plaintiff's motion for hearing or

5    conference re: discovery (doc. 11).  **IT IS ORDERED DENYING** plaintiff's motion for

6    declaratory judgment (doc. 16). **IT IS ORDERED DENYING** plaintiff's motion to amend

7    the complaint (doc. 18).  **IT IS ORDERED DENYING** plaintiff's second motion for

8    declaratory judgment (doc. 19).  Finally, **IT IS ORDERED DENYING** plaintiff's motion

9    to compel and motion for electronic filing (doc. 21).

10    Plaintiff is once again strongly urged to consult a lawyer.  Plaintiff is reminded that

11    despite his *pro se* status, he is bound to follow all federal and local rules of civil procedure.

12    See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  Plaintiff is also reminded of the

13    admonitions contained in Judge Campbell's order of May 29, 2012 in Huminski v. Heredia,

14    No. CV 11-00896-PHX-DGC.

15    DATED this 13th day of September, 2012.

16

17    _____

18    Frederick J. Martone
     United States District Judge

19

20

21

22

23

24

25

26

27

28